**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE No. 13-21604-CIV-WILLIAMS/SIMONTON**

**FLORIDA INTERNATIONAL UNIVERSITY**
**BOARD OF TRUSTEES,**

    Plaintiff,
v.

**FLORIDA NATIONAL UNIVERSITY, INC.,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION RE: DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND TAXABLE COSTS

This matter is before the undersigned Magistrate Judge upon Defendant's Motion for Attorneys' Fees and Non-Taxable Costs, ECF No. [98]. The Plaintiff filed an Opposition to the Motion, ECF No. [103] and the Defendant filed a Reply, ECF No. [107]. The Honorable Kathleen M. Williams, United States District Judge, has referred the matter the undersigned United States Magistrate Judge, ECF No. [95]. For the reasons stated below, the undersigned recommends that the Defendant's Motion for Attorneys' Fees and Taxable Costs be granted.

    I.    **INTRODUCTION**

This action involves infringement claims under the patent laws of the United States and under Florida State law, ECF No. [1]. The six count Complaint has the following counts: 1) federal trademark infringement under the Lanham Act; 2) federal unfair competition under the Lanham Act; 3) Florida trademark dilution and injury to business reputation, Fla. Stat. § 495.151; 4) Florida trademark infringement, Fla. Stat. § 495.131; 5) Florida common law trademark infringement and unfair competition; and 6) cancellation of state of Florida trademark registration, Fla. Stat. § 495.101.

On March 4, 2015, the court granted summary judgment in favor of the Defendant, ECF No. [68]. The Plaintiff appealed the Court's ruling, and on July 26, 2016, the Eleventh Circuit affirmed the District Court's ruling. *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242 (11th Cir. 2016).

The specific issue currently before this Court is whether the Defendant is entitled to an award of attorneys' fees based upon their contention that this is an "exceptional" case under the Lanham Act's attorney fee provision, 15 U.S.C. § 1117(a), and/or based upon the Defendant's contention that such an award is warranted under the Florida state law claims. The Defendant argues that this case is exceptional because the Defendant defeated all six federal and state counts asserted against it and because the Plaintiff litigated the case in "an unreasonable manner." The Plaintiff on the other hand, contends that an award of attorneys' fees is not warranted because this case is not exceptional, and asserts that the Plaintiff did not litigate the case in an unreasonable manner.

## II.   ARGUMENT OF THE PARTIES

### A.  Defendant's Motion for Attorney's Fees and Non-Taxable Costs

The Defendant asserts that this case is exceptional under the Lanham Act given the wide disparity in the respective strengths of the Plaintiff's and Defendant's positions. The Defendant asserts that the key issue in the case was whether the Defendant's marks were likely to cause consumer confusion. The Defendant argues that while there are seven factors to consider in determining the likelihood consumer confusion, the two most important being strength of the mark and actual confusion, the Plaintiff succeeded on only one factor (similarity of services). The Defendant asserts that the Order granting summary judgment in favor of the Defendant, the District Court found that as related to the strength of the Plaintiff's mark, there was "little merit to FIU's arguments" and stated that the Plaintiff failed to cite to "any record or legal authority" to support the Plaintiff's contention that the Court should exclude other Florida universities in analyzing whether

other universities undercut the strength of the Plaintiff's mark.  As related to actual confusion, the Defendant asserts that the District Court found only one *de minimis* instance of consumer confusion, and the examples of consumer confusion provided by the Plaintiff were "insufficient to support a finding that there is a likelihood of confusion arising from FNU's marks."  The Defendant contends that taking the seven factors together, the Plaintiff never came close to sustaining its burden of proof on the likelihood of confusion. The Defendant also asserts that the District Court rejected FIU's false association claim as misguided, and contends that the Eleventh Circuit supported this finding.

      Additionally, the Defendant asserts that the case is exceptional given the unreasonable manner in which the Plaintiff litigated the case.  The Defendant argues that the Plaintiff commenced the action even though the Plaintiff's own senior administrators knew that key factual contentions were unsupportable.  In particular, the Defendant alleges that the Plaintiff's administrators knew that FIU and FNU were not competitors, knew there was no confusion between FIU and FNU, and knew that there were no damages caused by FNU's adoption of the Florida National University name and FNU initials.  The Defendant asserts that the Plaintiff violated its continuing duty to re-evaluate the merits of its case by continuing to litigate the case after its own senior administrators testified to the invalidity of the Plaintiff's claims.  The Defendant offers the example of the parties stipulation that "there has never been a single known instance during the application process where a prospective student has applied for admission to either FNU or FIU under the impression that FNU was associated with FIU" to show that the Plaintiff acted unreasonably by litigating the case.  The Defendant also asserts that the Plaintiff's 30(b)(6) witness admitted that there was no monetary loss to FIU or monetary gain to FNU based upon FNU's name, and stipulated for trial that FIU was not aware of single dollar in tuition that had been misdirected due to FNU's use of its marks,

and that it was unaware of any adverse impact, or impact at all on FIU admissions due to the FNU name.

The Defendant also asserts that the Plaintiff litigated the case in an unreasonable manner by not performing a survey to substantiate its confusion claim. The Defendant argues that the failure to perform a customer survey demonstrated the Plaintiff's inability to introduce any credible evidence of actual consumer confusion in the case.

The Defendant also contends that the need for deterrence of the Plaintiff's litigation supports an award. The Defendant asserts that in this case the need for deterrence is magnified by the disparity in the size and financial ability of each university. Finally, the defendant asserts that because the Defendant prevailed on all of the state claims brought under the Florida Trademark Act, it is within this Court's discretion to award the Defendant its attorneys' fees and costs.

### B. Plaintiff's Response in Opposition , ECF No. [103]

The Plaintiff asserts that the Eleventh Circuit takes a narrower view of what constitutes an "exceptional case" under the Lanham Act than the standard established by the Supreme Court in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). The Plaintiff argues that a finding of bad faith is necessary for the award of attorney's fees under the Lanham Act, and that the standard established in *Octane Fitness* is not applicable to Lanham Act cases. The Plaintiff also asserts that while the Defendant ultimately prevailed, that fact standing alone is insufficient to consider the case exceptional. The Plaintiff asserts that there were numerous findings by the District Court in the Plaintiff's favor and therefore the litigation was not one-sided. The Plaintiff also asserts that the Plaintiff did not litigate the case in an unreasonable manner and argues that the fact that FIU's corporate representative stated that FIU and FNU were not competitors is a red herring as the fact was irrelevant to the District Court's likelihood of confusion analysis. Additionally, the Plaintiff asserts that actual

4

confusion is not a prerequisite of likelihood of confusion, thus the Plaintiff's decision to not conduct a consumer survey does not lead to the conclusion that the Plaintiff litigated the case in an unreasonable manner.  The Plaintiff argues that the District Court found that the Plaintiff's evidence of a misdirected correspondence received by FNU qualified as an instance of actual confusion, thus the Defendant's arguments regarding the testimony of the Plaintiff's witnesses on the issues of competition and actual confusion are unpersuasive and should be given no weight.  The Plaintiff asserts that if the Plaintiff's Complaint was as meritless as the Defendant claims, the Defendant would have filed a motion to dismiss. The Plaintiff also asserts that the state claims were not exceptional, and that the Defendant's argument regarding deterrence is disingenuous as FNU has described itself as a $33 million dollar a year institution, and differences in financial wealth are irrelevant where both parties are able to pay for the costs of litigation.

            C.   <u>**Defendant's Reply in Support of Motion, ECF No. [107]**</u>

In the Defendant's Reply, the Defendant asserts that the standard established in *Octane Fitness* applies to Lanham Act cases, and the Plaintiff misled the Court in its assertion that *Octane Fitness* has not been applied in this District.  The Defendant also asserts that the Plaintiff's attempt to rebut the findings of both the District Court and the Eleventh Circuit distorts the record in this case.  The Defendant asserts that the case is exceptional given that the Plaintiff lost the case based upon the self-destructive testimony of its own witnesses. The Defendant also asserts that while the Defendant never argued that actual confusion is a pre-requisite of likelihood of confusion,  that because the Plaintiff did not have any evidence of actual confusion, the plaintiff should have undertaken a likelihood of confusion survey.  The Defendant also asserts that it did not file a motion to dismiss in response to the Plaintiff's Complaint because the Defendant never challenged the legal sufficiency of the Plaintiff's allegations, but rather

5

that the Plaintiff could not prove the factual allegations. Finally, the Defendant asserts that the Defendant never asserted that a wide economic disparity alone justified an award of fees, but rather that such disparity magnified the need for deterrence.

### III. LEGAL FRAMEWORK

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Traditionally, courts have understood exceptional to mean those cases where a party acts in a malicious, fraudulent, deliberate, or willful manner. *Burger King Corp. v. Pilgrim's Pride Corp.,* 15 F.3d 116, 168 (11th Cir. 1994). Courts also found cases to be exceptional where there was evidence of fraud of bad faith. *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.,* 253 F.3d 1332, 1335 (11th Cir. 2001).

In 2014, the Supreme Court considered the showing required for an award of fees pursuant to 35 U.S.C. § 285 which includes the identical language related to the award of attorney's fees in patent cases. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). The Court first rejected the test adopted by the Federal Circuit in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005), which required a prevailing party to establish that, absent misconduct during litigation or in securing the patent, the litigation was brought in subjective bad faith and was objectively baseless when filed. *Id.* at 1576. The Court instead concluded that the prevailing party must only demonstrate that the case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. The Court then opined that whether a case is exceptional is to be determined on a case-by-case basis, considering the totality of the circumstances. *Id*. Although evidence of bad faith is not necessary, the Court recognized that a case

6

presenting either subjective bad faith *or* exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award. *Id.* at 1757.

The Eleventh Circuit has not yet addressed the change in the standard as applied to Lanham Act cases, however, district courts in this circuit and other circuit courts have held that a showing of bad faith or fraud is no longer required for an award of attorneys' fees under the Lanham Act.[1] *Tobinick v. Novella,* 207 F. Supp. 3d 1332, 1342 (S.D. Fla. 2016); *Donut Joe's Inc., v. Interveston Food Services, LLC*, 116 F. Supp. 3d 1290 (N.D. Ala. 2015); *Fair Wind Sailing, Inc., v. Dempster*, 764 F.3d 303, 314 (3d Cir. 2014); ADT LLC v. Alarm Prot. Tech. Fla., LLC, Case No. 12-80898-CIV-MARTINEZ, 2016 Lexis 146226 at *2 (S.D. Fla. Oct. 20, 2016). Because of the overwhelming support for the proposition that *Octane Fitness* should apply to Lanham Act cases, and the dearth of cases to the contrary, the undersigned finds that it is appropriate to apply the standard outlined in *Octane* to the case at bar.

The Federal Circuit noted the significance of the Supreme Court's holding in *Octane* and stated:

> [U]nder the new *Octane Fitness* standard ... the Supreme Court did not simply relax the standard under § 285. It substantially changed the analysis. The district court may now consider the totality of the circumstances to determine whether this case is 'exceptional,' and the district court is not necessarily required to find evidence of the specific factors outlined in *Brooks Furniture*. Further, the Supreme Court lowered the burden of proof for establishing that a case is 'exceptional.'

*Intellectual Ventures I LLC, v. Capital One Financial Corp. et al.,* No. 1:13cv0740 (AJT/TCB), 2015 WL 7283108, *4 (citing *AdjustaCam, LLC v. Newegg, Inc.*, 2015 WL 5449927, *3 (Fed. Cir. Sept. 17, 2015)). Courts have generally recognized, however, that

---

[1] The undersigned also notes that the Supreme Court in *Octane Fitness*, when defining the term "exceptional," referred to *Noxel Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 526 (C.A.D.C. 1985), stating that the Lanham Act has an "identical fee-shifting provision." *Octane* at 1756.

7

while the bar a prevailing party must clear to establish an 'exceptional' case has been lowered, an award of fees involves litigation conduct that goes beyond mere stonewalling, excessive discovery demands, or otherwise burdensome litigation strategies. *Id.* As the Supreme Court observed, it is 'the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees. *Id.* (citing *Octane Fitness*, 134 S. Ct., at 1757).

Several courts have addressed what qualifies as exceptional under the new *Octane Fitness* Standard. For instance, a case may considered exceptional if the claims advanced by a litigant are objectively baseless. *Vehicle Interface Tech., LLC., v. Jaguar Land Rover North*, No. 12-1285-RGA, 2015 WL 9462063, *1, (D. Del. 2015) (citing *Taurus IP, LLC v. Daimler-Chrysler Corp.,* 726 F.3d 1306, 1327 (Fed. Cir. 2013)). Courts have described claims as baseless where the case is frivolous and objectionably unreasonable or when the plaintiff should have known that the claims were objectively baseless. *Renna v. Cnty of Union, NJ*, Case 11-3328, 2015 WL 93800 at *& (D. N.J. Jan. 7, 2015) (collecting cases). In *Donut Joe's, Inc. v. Interveston Food Services*, LLC, 116 F. Supp. 3d 1290 (N.D. Ala. 2015), the Court awarded the defendant attorney's fees in a Lanham Act case where the plaintiff "offered extremely weak arguments to establish that its marks were protectable." However, where there is a colorable claim, fees for the defendant are not warranted. *See Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.,* Case No. 8:13-cv-1732-T-36EAJ, 2015 WL 4887550 at *3 (M.D. Fla. Aug. 17, 2015) (finding that "although the totality of the evidence supporting the validity of these marks was weak, Plaintiffs' overall case was at least colorable").

As related to whether the conduct of a party was unreasonable,

> Among the most commonly cited ways to establish exceptionality are: 1) establishing that the plaintiff failed to conduct an adequate pre-filing investigation or to exercise

8

> due diligence before filing suit; 2) showing the plaintiff
> should have known its claim was meritless and/or lacked
> substantive strength; 3) evidencing the plaintiff initiated
> litigation to extract settlements from defendants who want to
> avoid costly litigation 4) showing a party proceeded in bad
> faith (noting that bad faith is no longer required to support an
> award of fees but finding the plaintiff's position was not
> reasonable); and 5) litigation misconduct.

*Bayer Cropscience AG v. Dow Agrosciences LLC*, Case No. 12-256, 2015 WL 1197436 at *4 (D. Del. March 13, 2015) (internal citations omitted).

IV.   **ANALYSIS**

   A.   **Substantive Strength of the Plaintiff's Litigation Position**

Because the undersigned has determined that *Octane Fitness* applies to the case at bar, it is now necessary to determine whether the case "stands out from others with respect to the substantive strength of a party's litigation position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness* at 1756.[2]

Here, the Plaintiff's case stands out as being exceptional considering the totatling of the circumstances surrounding the strength of the Plaintiff's position and governing law and facts of the case. For a plaintiff to prevail on its federal trademark infringement

---

[2] The undersigned notes that the Plaintiff's citations in support of its contention that the Eleventh Circuit has yet to establish *Octane Fitness* as the new exceptionality standard in Lanham Act cases are misleading.  The Plaintiff contends that *Crossfit, Inc. v. Kateric Peter Quinnnie, Donald Jett, & Total Body Recall, LLC*, Case No. 15-cv-04080-WSD, 2017 U.S. Dist. Lexis 17576 (N.D. GA Feb. 8, 2017), stands for the proposition that the "Eleventh Circuit has yet to consider the effect of Octane Fitness in our Circuit."  While that is true, the Court in *Crossfit* goes on to state that "district courts in this Circuit and other circuits have held that a showing of subjective bad faith or fraud is no longer required."  The Court in *Crossfit* applied *Octane Fitness* and awarded fees.  In *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, Case No. 13-21297-MOORE-MCALILEY, 2015 WL 11202358 (S.D. Fla. March 10, 2015) the Court applied the Octane Fitness definition of an exceptional case in a Lanham Act case.  In *ADT, LLC v. Alarm Prot. Tech. Fla., LLC,* Case No. 12-80898-CIV-MARTINEZ/GOODMAN, 2016 U.S. Dist. Lexis 146226 (S.D. Fla. Oct. 20, 2016), while the Court did not find the case to be exceptional, the Court still analyzed the claim for fees using *Octane Fitness* in the Lanham Act context.   Finally, in *Tobinick v. Novel*, 207 F. Supp. 3d 1332, 1343 (S.D. Fla. 2016) the Court applied Octane Fitness and awarded fees in a Lanham Act case.

claim, the plaintiff must demonstrate that its mark has priority and that the defendant's mark is likely to cause consumer confusion. *Frehling Enters., Inc. v. Int'l Select Grp., Inc.,* 192 F. 3d 1130, 1335 (11th Cir. 1999). Because FIU's priority of use was undisputed, the key issue in the case was whether the Defendant's marks were likely to cause consumer confusion. There are seven factors to consider when determining whether or not a likelihood of consumer confusion exists: 1) type of mark; 2) similarity of mark; 3) similarity of the products the marks represent; 4) similarity of the parties' trade channels and customers; 5) similarity of the advertising media: 6) the defendant's intent and 7) actual confusion. *Id.* The type of mark and evidence of actual confusion are considered the most important factors. *Id.*

Here the District Court, and the Eleventh Circuit on appeal, found that the Plaintiff failed to meet its burden as related to the factors outlined above, and awarded summary judgment in favor of the Defendant. The District Court's order granting the Defendant's Motion for Summary Judgment, ECF No. [68] is replete with references to the Plaintiff's failure to offer evidence in support of the Plaintiff's claims. For instance, as related to the Plaintiff's allegation that other state universities in Florida should not be considered third-party users when analyzing the strength of FIU's mark, the District Court stated that it found "little merit" in the Plaintiff's argument, and found "the legal support for this argument is lacking." ECF No. [68] at 8-9. The District Court also stated that "[a]gain, FIU has cited no authority" for the proposition that the Defendant must show a substantially higher number of third-party users, ECF No. [68] at 10. The District Court also found "little evidence of an overlap in the audience of the school's advertising," ECF No. [68] at 17. The District Court also stated that as related to intent "the Court cannot adopt FIU's conclusory assertions that the undisputed evidence demonstrates defendant's improper intent to capitalize on FIU's name and reputation, ECF No. [68]. In fact, the District Court

10

found that the Plaintiff only offered one instance of actual consumer confusion, and labeled the instance "*de minimis,*" ECF No. [68] at 22.

The undersigned also finds that the Plaintiff's recitation of the findings of the District Court are also misleading. A close reading of the District Court's Order, ECF No. [68] does not support the Plaintiff's contention that there were numerous findings by the Court in favor of the Plaintiff. In nearly every instance when the District Court made a finding that could marginally be considered favorable to the Plaintiff, the District Court explained that either those factors did not merit significant weight, or found them to be irrelevant to the District Court's overall analysis. Reading the District Court's Order in its totality reveals that the only factor of the seven factors weighed as related to consumer confusion that the District Court found in favor of the Plaintiff was that a reasonable consumer could conclude that the services provided by FIU and FNU are attributable to a single source, ECF No. [68] at 14. The fact that there was one *de minimis* instance of consumer confusion and one factor that weighed in favor of the Defendant does little to persuade the undersigned that the case does not stand out from others with respect to the substantive strength of the Plaintiff's position. The Plaintiff has cited to various pre-*Octane Fitness* decisions in support of it contention that the case is not exceptional, and one post-*Octane Fitness* case where the Court determined that the case was not exceptional. *Belen Jesuit Preparatory School, Inc. v. Sportswear, Inc.*, Case No. 15-22194-CIV-UNGARO/OTAZO-REYE, ECF NO. [203]. The procedural posture in *Belen* is quite different from the case at bar. In *Belen,* the Court denied summary judgment finding that there were factual disputes to be resolved a trial. In fact, the Court pointed to the plaintiff's survival of summary judgment as evidence of the substantive strength of the plaintiff's position. *Id.* at [7]. Here, the District Court granted summary judgment in the Defendant's favor and the case did not proceed to trial.

11

The strength of the Parties' litigation positions as described in both the District Court and Eleventh Circuit opinions support a finding that the case at bar is exceptional under *Octane Fitness* for the award of attorneys' fees. *See Donut Joe's, Inc. v. Interveston Food Services, LLC,* 116 F. Supp. 3d 1290 (N.D. Ala. 2015) (finding exceptional circumstances in a trademark case where the two factors most important to the consumer confusion test weighed heavily against the plaintiff). There is nothing in the record to show that a reasonable litigant would have expected success on the merits. This is made even clearer by the information provided by the Plaintiff's own witnesses as addressed in the next section.

In conclusion, the undersigned finds this case exceptional given the substantive strength of a parties' litigation position, considering both the governing law and the facts of the case.

B. <u>Unreasonable Manner of Litigation</u>

Because the undersigned has found that the case at bar is exceptional due to the disparity between the parties' litigation positions, it is not necessary for the undersigned to perform a complete analysis of the Plaintiff's manner of litigation. However, the undersigned will address the arguments raised in the Defendant's Motion. The undersigned notes that the conduct of the Plaintiff, along with the testimony of its witnesses strengthens the Defendant's argument that a reasonable litigant would not have expected success on the merits.

As related to the argument that the Plaintiff's witness discredited the Plaintiff's strength of the mark claim, the Defendant is correct that the Plaintiff failed to directly address the issue as raised by the Plaintiff in its Motion.[3] A review of the record, including the District Court's Order, ECF No. [68] demonstrates that the Plaintiff argued

---

[3] Tangentially related to this issue, the Defendant addressed the issue of whether FIU representatives considered that FNU was a competitor by arguing that the factor was irrelevant to the District Court's likelihood of confusion analysis.

12

that other Florida public universities should be excluded as relevant third-party users to determine the strength of FIU's mark because they did not represent third party competitors of FIU.  On the other hand, Luisa Havens, FIU's Undergraduate Admissions Dean, testified at her deposition that the other Florida state schools were competitors of FIU in recruiting students for admission, ECF No. [38-2] at 3.  While this information alone does not make the Plaintiff's litigation unreasonable, it is evidence that the Plaintiff failed to re-evaluate the strength of its case as discovery continued.  Additionally, the Plaintiff's reliance on *ADT, LLC v. Alarm Prot. Tech. Fla., LLC*, Case No. 12-80898-CIV-MARTINEZ, 2016 U.S. Dist. Lexis 146226 (S.D. Fla. Oct. 26, 2016), is unavailing because in *ADT*, the plaintiff survived a motion to dismiss and summary judgment.  Additionally, the witness testimony in *ADT* was third-party customer testimony, not testimony of the representatives of the Plaintiff as is the case here.  The undersigned also finds the Plaintiff's argument that the Defendant should have filed a motion to dismiss to assert defects in the Plaintiff's claims equally problematic.  The Defendant explained in its Reply that it never challenged the sufficiency of the Plaintiff's allegations, but rather the Plaintiff's ability to prove those factual allegations.  This explanation is sound, and the fact that the Defendant did not file a motion to dismiss is of no import to the issues raised by the parties in the motions at hand.

   While the Plaintiff is correct in stating that actual confusion is not a prerequisite of the likelihood of confusion, the fact that the Plaintiff litigated the case with *only de minimis* evidence of actual confusion and no study of consumers related to possible confusion gives credence to the Defendant's argument that the Plaintiff litigated the case in an unreasonable manner.  The undersigned also notes that the Plaintiff stipulated that there was never a single known instance during the application process where a prospective student applied for admission to either FNU or FIU under the impression that FNU was associated with FIU, and there was not a single dollar of tuition that had been

misdirected as a result of FNU's mark, ECF No. [42].[4]  Additionally, the Defendant does not respond to the Plaintiff's contention that it was unreasonable for the Plaintiff to continue to seek monetary damages even after having stipulated that it was not aware of any tuition money being misdirected.  Such behavior adds to the totality of the circumstances examined by the undersigned in reaching the conclusion that the Defendant's motion should be granted.

As related to the Defendant's argument regarding deterrence, the undersigned does not find the financial difference among the litigants to be of importance in determining the award, especially when the litigants were both able to pay for the cost of litigation.[5]

In sum, the undersigned has determined that the award of fees is appropriate in this case considering a totality of the circumstances as described in *Octane Fitness*.  The undersigned notes that the Defendant requested that the Court retain jurisdiction to determine the amount of fees and taxable costs.

V.     CONCLUSION

Based on the foregoing analysis, the undersigned Magistrate Judge RECOMMENDS that the Defendant's Motion For Attorneys' Fees and Non-Taxable Costs GRANTED.

---

[4] The Defendant relies upon the analysis provided by the court in *Gravelle v. Kaba Ilco Corp.*, Case No. 5:13-cv-642-FL, 2016 WL 3920208 (E.D. NC July 15, 2016) in support of its contention that the Plaintiff litigated its damages claim in an unreasonable manner.  The undersigned notes that *Gravelle* was examined on appeal by the Federal Circuit and the award of attorney's fees was vacated and remanded for further proceedings. *Gravelle v. Kava Ilco Corp.*, 2017 WL 1349278 at *8 (Fed. Cir. Apr. 12, 2017).

[5] Because the undersigned finds that the Defendant is entitled to attorney's fees under its Lanham Act claims, and the state claims are inextricably intertwined, it is not necessary for the undersigned to analyze the entitlement to attorney's fees under the similar Florida claims brought by the Plaintiff.

The parties will have fourteen calendar days from the date of this Report and Recommendation within which to file written objections for consideration by the United States District Judge to whom this case is assigned. Any response to objections must be filed within seven days. Any request for an extension of this deadline must be made within seven calendar days from the date of this Order. Pursuant to Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

**DONE AND SUBMITTED** in chambers in Miami, Florida, on August 11, 2017.

*Andrea M. Simonton*
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**

The Honorable Kathleen M. Williams,
    United States District Judge
All counsel of record