# Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:13-cv-21604

FLORIDA INTERNATIONAL UNIVERSITY
BOARD OF TRUSTEES, a Florida state
agency

      Plaintiff,

v.

FLORIDA NATIONAL UNIVERSITY, INC.
d/b/a FLORIDA NATIONAL UNIVERSITY
ONLINE LEARNING CAMPUS, a Florida
Corporation

      Defendant.

_____/

**DECLARATION OF MICHAEL J. HIGER, ESQ.**
**AS TO FNU'S REASONABLE ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, and based on my own personal

knowledge and/or information provided to me by counsel, I, Michael J. Higer, hereby declare that

the following is true and correct:

1.    I am an attorney licensed to practice law in the State of Florida since 1985. I am a

member in good standing of The Florida Bar and of the Bars of the District of Columbia, the United

States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, the United States

Court of Appeals for the Federal Circuit, and the United States District Court for the Southern,

Middle, and Northern Districts of Florida.

2.    I am currently a partner with the law firm of Berger Singerman LLP in Miami,

Florida. I am also the Immediate Past President of The Florida Bar.

3.    I have been in the active and continuous practice of business litigation in Florida

for over 30 years, during which time I have handled cases for both plaintiffs and defendants in

1

both federal and state courts. I have represented clients in state and federal appellate courts, the Supreme Court of Florida and the Supreme Court of the United States.

4.    My practice has principally focused on debtor-creditor, intellectual property and insurance matters. In particular, I have represented clients in intellectual property litigation involving trademarks, patents, copyright, computer software, covenants not to compete, unfair competition and related matters.

5.    I have previously given expert testimony in open court and by way of declarations and affidavits as to the reasonable amount of attorneys' fees in numerous state and federal court cases in South Florida. Attached as **Exhibit D-1** is my curriculum vitae which accurately sets forth my background and experience.

6.    I have been asked to render an opinion as to whether the attorneys' fees sought by FNU, as set forth in its Verified Motion to Set the Amount of Attorney's Fees and Costs, are reasonable based on my review of relevant documents, my discussions with FNU's counsel, my personal knowledge and experience, my review of relevant statutes and case law, and my review of the hourly rates of other attorneys in the local market.

7.    With respect to the legal services rendered in this action, I am familiar with the issues involved, the time and labor required, the novelty and difficulty of the questions involved, the skills required to perform those legal services promptly, and the fee customarily charged in South Florida for similar legal services.

8.    Based on my extensive experience in representing clients in trademark disputes, I am familiar with the manner in which such cases are typically litigated and tried.

9.    In connection with the making of this Declaration, I have reviewed or considered multiple documents including but not limited to the following documents:

- Verified Complaint for Trademark Infringement, Unfair Competition, and Related Claims (DE 1);

2

- FNU's Answer and Affirmative Defenses (DE 5);

- Order requiring Joint Pre-Trial Scheduling Report (DE 6);

- Scheduling Order (DE 8);

- Joint Motion for Entry of Stipulated Protective Order (DE 11);

- Plaintiff's Motion for Summary Judgment (DE 19);

- FNU's Motion for Summary Judgment (DE 25);

- FNU's Opposition to FIU's Motion for Summary Judgment (DE 27);

- Reply in Support of Plaintiff's Motion for Summary Judgment (DE 31);

- Opposition to Defendant's Motion for Summary Judgment (DE 32);

- Plaintiff's Responses to Defendants Additional Undisputed Material Facts (DE 36);

- FNU's Reply in Support of Motion for Summary Judgment (DE 38);

- FNU's Motion in Limine to Exclude Plaintiff's Purported Evidence (DE 41);

- Joint Pre-Trial Stipulation (DE 42);

- Plaintiff's Omnibus Motion in Limine (DE 43);

- Plaintiff's Proposed Findings of Fact and Conclusions of Law (DE 44);

- Plaintiff's Second Motion in Limine of Alternatively Motion to Strike (DE 47);

- Motion to Exclude Certain Expert Testimony of Dr. Thomas Jukam (DE 48);

- Motion to Exclude Expert Testimony of Bruce Turkel (DE 49);

- Plaintiff's Motion to Exclude Opinion of Samuels, Joachimsthaler and Frank (DE 51);

- Motion for Leave to File Proposed Findings of Fact and Conclusions of Law (DE 52);

- Opposition to Motion for Leave to File Proposed Findings of Fact and Conclusions of Law (DE 53);

- Plaintiff's Opposition to Motion in Limine (DE 60);

- Defendant's Reply in Support of Motion for Leave to File Proposed Findings of Fact and Conclusions of Law (DE 61);

- FNU's Proposed Findings of Fact and Conclusions of Law (DE 64);

- Order on Motions for Summary Judgment (DE 68);

- FIU's Initial Brief on Appeal;

- FNU's Answer Brief;

- FIU"s Reply Brief;

- Eleventh Circuit Court of Appeals Opinion affirming District Court;

- FNU's Motion for Attorneys' Fees and Non-Taxable Costs (DE 98);

- FNU's Motion for Attorneys' Fees on Appeal (DE 99);

- Report and Recommendation Re: Defendant's Motion for Attorneys' Fees and Taxable Costs (DE 109);

- Report and Recommendation Re: Defendant's Motion for Attorneys' Fees on Appeal (DE 110);

- Order adopting Report and Recommendation DE 109 and DE 110 (DE 128);

- Docket sheet as of July 18, 2018;

- Peretz Chesal & Herrmann, PL's ("PCH") invoices from July 2013 through June 2018;

- Spreadsheet reflecting contemporaneous time records for fees claimed by PCH for the District Court action;

- Spreadsheet reflecting contemporaneous time records for fees claimed by PCH for Appeal;

- Joel S. Perwin P.A.'s invoices from November 2014 through October 2017;

- Professional background information for the attorneys and paralegal who worked on the matter;

- [Draft] Declaration of Steven Peretz;

- [Draft] Declaration of Joel S. Perwin; and

- [Draft] FNU's Motion to Set Amount of Attorneys' Fees.

10.     In reaching my conclusions, I have considered the "lodestar" formula for determining reasonable fee awards. *See Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir. 1988).

11.     As set forth in the Declaration of Steven Peretz, FNU incurred the following fees in connection with the entire litigation:

## FEES INCURRED FOR THE DISTRICT COURT CASE

| Timekeeper | Position | Effective Hourly Rate | Hours | Total Fees |
|---|---|---|---|---|
| Steven I. Peretz 36 years | Sr. Partner | $479.22 | 1190.3 | $570,411.25 |
| Michael B. Chesal 28 years | Sr. Partner | $456.31 | 171.1 | $78,013.75 |
| Moish E. Peltz 4 years | Associate | $185.45 | 1119.95 | $207,699.75 |
| Josh E. Saltz 6 years | Partner | $221.91 | 190.15 | $42,196.00 |
| Albert Alvarez 4 years | Associate | $250 | 17.3 | $4,325.00 |
| Erika Montane 14 years | Paralegal | $125 | 43.05 | $5,381.25 |
| **TOTAL** | | | **2,731.85** | **$908,027.00** |

## FEES INCURRED FOR THE APPEAL

| Timekeeper | Position | Effective Hourly Rate | Hours | Total Fees |
|---|---|---|---|---|
| Steven I. Peretz 36 years | Sr. Partner | $494.41 | 303.9 | $150,250.00 |
| Michael B. Chesal 28 years | Sr. Partner | $475 | 13. | $6,175.00 |
| Moish E. Peltz 4 years | Associate | $204.30 | 278.75 | $56,948.75 |
| Josh E. Saltz 6 years | Partner | $251.68 | 17.85 | $4,492.50 |
| Albert Alvarez 4 years | Associate | $219.52 | 74.3 | $16,310.00 |
| Erika Montane 14 years | Paralegal | $125 | 15.23 | $1,903.75 |
| Joel S. Perwin 36 years | Sr. Partner | $650 | 127.5 | $82,875.00 |
| **TOTAL** | | | **830.53** | **$318,955.00** |

12.     In reaching my conclusions, I have also considered the factors set forth in *Norman, Florida Patients Comp. Funds v. Rowe*, 472 So.2d 1145 (Fla. 1985), its progeny, the provisions of Florida Bar Rules of Professional Conduct at Rule 4-1.5(b), *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and other cases relevant on the issue of attorney's fee awards as referenced in this Declaration. The most relevant factors include (1) the time and labor required and the novelty, complexity, and difficulty of the questions and the required skill to deal with them; (2) preclusion of other employment by the lawyer; (3) the customary rate in the locality for comparable legal services; (4) the significance of the subject matter or amount of the representation and the responsibility involved; (5) any additional or special time demands imposed by the client or by the circumstances; (6) the nature and length of the professional relationship, if any, with the client; and (7) the experience, reputation, diligence, and ability of the lawyers and their skill or efficiency reflected in the record.

13.     In my experience, the above factors are not an exhaustive list and some of these factors may be more significant than others in a given case.

**HOURLY RATES**

14.     **Experience and Reputation.** In my opinion, Peretz Chesal & Herrmann, PL ("PCH"), including attorneys Steven I. Peretz, Michael B. Chesal, Josh E. Saltz, Moish E. Peltz and Albert Alvarez, and Joel S. Perwin, P.A. are highly experienced, respected, and diligent attorneys. PCH has an excellent reputation in the South Florida legal community and has an exceptional reputation and expertise in the field of intellectual property.  PCH has also been named as a "Top Tier" firm for intellectual property law in South Florida by U.S. News/Best Lawyer for the last five years.

15.     Steven Peretz served as FNU's lead trial counsel before this Court and as co-counsel with Joel S. Perwin before the Eleventh Circuit Court of Appeals.  He has practiced

6

trademark law for more than 35 years in South Florida and is the co-founder of PCH.  Mr. Peretz

previously served as Chairman of the Intellectual Property Committee of the Florida Bar. He has

been named in Best Lawyers of America for intellectual property law for more than 10 years, and

was ranked by U.S. News/Best Lawyers as the "Top Intellectual Property Litigator" in South

Florida in 2016. Mr. Peretz graduated magna cum laude with High Honors in Economics from

Wesleyan University in 1978, and received his J.D. degree from the University of Chicago Law

School in 1981.  The qualifications and experience of additional PCH attorneys are also detailed

in Mr. Peretz's Declaration.

16.     Joel S. Perwin served in this case as co-counsel with Steven Peretz before Eleventh

Circuit Court of Appeals.  He has practiced appellate law for more than 35 years, including

numerous appeals before the Eleventh Circuit Court of Appeals, and is widely regarded as one of

the top appellate lawyers in the State of Florida.  He has been recognized in The Best Lawyers of

America for appellate law since the inception of the category in 1995, and has also been recognized

in the top tier of appellate law in Chambers USA's America's Leading Lawyers for Business since

the inception of the category in 2004.  Before returning to Miami from Washington D.C. in 1981,

he served as Counsel to the United States Senate Judiciary Committee; Associate Counsel to Vice

President Walter F. Mondale; Assistant United States Attorney; and as a law clerk to the Honorable

Bailey Aldrich of the First Circuit Court of Appeals. Mr. Perwin graduated Magna Cum Laude

from Harvard College in 1970, and Cum Laude in 1974 from Harvard Law School, where he was

Articles Editor of the Harvard Law Review.

17.     **Local and Customary Rates.** Although I have practiced throughout the State of

Florida during my 33-year legal career, the vast majority of my practice has been in the South

Florida area. Moreover, in connection with my representation of clients in intellectual property

disputes and in connection with my work as an expert witness on attorney's fees, I often study and

analyze the prevailing rates in South Florida for lawyers in these types of matters. As a result, I am extremely familiar with the general range of hourly rates charged by intellectual property and complex litigation attorneys in the Southern District of Florida, particularly during the time period when PCH and Joel S. Perwin, P.A. rendered legal services for FNU in this case.

18.     Under its fee agreement with FNU, PCH charged FNU $908,027 (exclusive of costs) for the firm's representation FNU before this Court.  PCH and Joel S. Perwin, P.A. charged FNU $320,142.50 (exclusive of costs) for their representation of FNU before the Eleventh Circuit. These fee totals exclude appropriately $6,500 in fees actually billed to FNU by PCH for the legal services of three PCH attorneys who collectively expended less than 18 hours of time on the FNU matter.  (FNU is not seeking recovery of these fees in its Motion.)

19.     It is my opinion that the fees actually billed to FNU by its counsel were based on hourly rates that were below prevailing market rates for comparable legal services in the community, due in part because PCH discounted the fees of Steven Peretz, FNU's lead trial attorney, and because Joel S. Perwin P.A. discounted the fees of Joel S. Perwin.  Under Eleventh Circuit law, FNU's fee agreement with its counsel does not place a cap on the market rate fees that FNU may properly seek. *See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1337 (11th Cir. 2001)(though a significant factor, "the agreed-upon fee rate does not necessarily act as a cap or ceiling in determining the reasonable hourly rate."); *Olivas v. A Little Havana Check Case, Inc.*, 2008 WL 11333098 (S.D. Fla. Feb. 29, 2008)(Torres, M.J.)("The Eleventh Circuit thus approved the lower court's award of an hourly rate that exceeded the contracted-for rate because it more accurately reflected the prevailing market rate in that legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.")

20.     The legal fees charged by PCH for the legal services of Steven Peretz, who acted as FNU's lead trial counsel, represented 63% of the total fees charged by PCH for his services

8

before this Court. Because FNU is an educational institution, PCH reduced Mr. Peretz's standard hourly rate from $525/hour to $475/hour for his practice before this Court, and reduced it to $505/hour for his practice before the Eleventh Circuit Court of Appeals.

21.     Even apart from this reduction, Mr. Peretz's standard rate of $525/hour is itself about $100/hour lower than what other senior partners practicing at boutique IP firms charge for their time ($600-$625/hour). In particular, I reviewed the rates of extremely well-respected lawyers who practice in the area of intellectual property. With no exception, the rates charged by these senior partner-level lawyers were equivalent to or exceeded the hourly rates that FNU is requesting for Steven Peretz ($600) with 37 years of experience, and Michael Chesal ($520) with 29 years of experience. These rates are summarized in the two tables below:

**Hourly Rates for South Florida Intellectual Property Litigation Attorneys (30 or more years of experience)**

| Attorney | Law Firm | Years Practicing | Hourly Rate |
|---|---|---|---|
| James Gale | Cozen O'Connor | 34 | $750 |
| William Hill | Gunster | 30 | $730 |
| Harry Schafer | Kenny Nachwalter | 32 | $650 |
| Leslie Lott | Lott & Fischer | 43 | $600 |

**Hourly Rates for South Florida Intellectual Property Litigation Attorneys (20-29 or more years of experience)**

| Attorney | Law Firm | Years Practicing | Hourly Rate |
|---|---|---|---|
| Ury Fischer | Lott & Fischer | 23 | $525 |
| Jorge Espinosa | Espinosa Martinez | 29 | $520 |

22.     Moreover, Mr. Peretz's standard rate of $525/hour is about $150 to $175 below the rate leading South Florida firms charge for senior partners with Mr. Peretz's expertise and experience ($600-$700/hour). For example, during the pendency of this case, attorneys at Berger Singerman with more than 20 years of experience, who represented clients in complex commercial litigation, charged clients at rates between $600/hour to $750/hour. The hourly rates requested for

PCH's junior attorneys are also exceeded by the hourly rates charged for comparable legal services performed by junior attorneys at Berger Singerman.

23.     I have also reviewed a motion for attorneys' fees filed in 2011 by FIU's counsel David Friedland where Mr. Friedland requested $625 as his hourly rate and $300/hour for the services performed by Jaime Rich, who was then a fourth-year associate at his firm.  The rates requested by FNU for the PCH attorneys are consistent with or below these rates.

24.     Similarly, Joel S. Perwin reduced his standard hourly rate from $750/hour to $650/hour in his representation of FNU.  His standard rate of $750/hour is consistent with the rate charged by top appellate attorneys with Mr. Perwin's level of expertise and experience.

25.     I also reviewed the rates of well-respected appellate lawyers who have practiced for over 30 years.  The rates charged by these attorneys were equivalent to or exceeded the hourly rates that FNU is requesting for Joel S. Perwin ($750) with 37 years of experience. The rates are summarized below:

**Hourly Rates for South Florida Appellate Attorneys**
**(30 or more years of experience)**

| Attorney | Law Firm | Years Practicing | Hourly Rate |
|---|---|---|---|
| Raoul Cantero | White & Case | 32 | $895 |
| Robert Josefsberg | Podhurst Orseck | 55 | $1,100 |
| Elliot Scherker | Greenberg Traurig | 42 | $1,000 |
| Bruce Rogow | Bruce Rogow, P.A. | 54 | $750 |

26.     Based on the foregoing, the rates set forth in the tables in Paragraph 53 below for the attorneys at PCH and Joel S. Perwin, P.A. reasonably reflect the prevailing market rates for this case.  *See Domond v. Peoplenetwork APS,* 2017 WL 5642463 (S.D. Fla. Nov. 14, 2017)(Moreno, J.)(In a Lanham Act case, approving the opposed $645-$675/hour rate of lead trial counsel with 21 years of experience and approving the unopposed $650/hour rate of local counsel Harry Schafer with 32 years of experience)(DE 64-2).

27.     **Skill, Expertise and Time Preclusion**. In my opinion, hourly rates also correlate to skill and efficiency, which tend to mirror each other. In reaching my conclusion about hourly rates, I also reviewed the skill, expertise, and efficiency reflected in the services and advocacy presented in the case.

28.     FNU's attorneys handled the case efficiently and skillfully. Just two PCH attorneys – Mr. Peretz and his associate, Moish Peltz – accounted for nearly 85% of PCH's total attorney hours in the firm's representation of FNU.

29.     Plaintiff filed this case in May 2013. FNU prevailed before this Court in March 2015, it prevailed before the Eleventh Circuit in July 2016, and it prevailed on its entitlement to fees in June 2018.  Based on my review of the District Court's Order on Summary Judgment, the Eleventh Circuit's Opinion and the Magistrate Judge's reports and recommendations awarding FNU its attorneys' fees and finding that FIU had litigated this case in an unreasonable manner that unnecessarily prolonged this case, it is clear FIU created significant challenges for FNU's counsel to surmount.  In the face of these challenges, FNU's counsel accomplished every one of FNU's objectives in this litigation.  The skill and efficiency counsel exhibited in achieving these results against FIU fully support the hourly rates requested.

30.     This case absorbed a significant portion of the time and resources of PCH and Joel S. Perwin, P.A. thereby limiting the firms' ability to work on other cases during the critical phases of this case.

31.     Based on the foregoing, in my opinion, the hourly rates requested by FNU's attorneys, as set forth in the tables in Paragraph 53 below , are consistent with the prevailing market rates and are reasonable.

**TIME EXPENDITURES**

32.     To determine a reasonable time expenditure, I relied upon my personal knowledge and experience with FNU's counsel and of similarly situated attorneys the South Florida community, as well as my review of the record, interviews with FNU's counsel, and detailed records of the attorney time entries summarized in the table above.

33.     I gave great weight to the time, labor, and difficulty factors because the case was difficult and complex on a number of levels. Trademark litigation by its nature tends to be a more difficult area of specialization than average. I have personally served as counsel in trademark cases, so I understand firsthand the difficulties involved.  Because of the area of law, trademark cases tend to require more time and coordination and consultations among co-counsel than do other cases. *See Clairol Inc. v. Save-Way Indus., Inc.*, 1980 WL 30303, at *2 (S.D. Fla. Aug. 8, 1980)(Atkins, J.)(recognizing that "[t]rademark litigation is a particularly difficult field of specialization and is recognized as meriting greater than average rate of pay.")

34.     **The District Court Action**. The court papers I reviewed reflect that FNU vigorously defended this action from start to finish, beginning with the district court action. The case involved extensive fact and expert witness discovery and a total of 22 depositions.  FIU took the deposition of nine fact witnesses in South Florida and Atlanta and the deposition of four FNU expert witnesses in Southern California, New York and Washington, DC. FNU in turn took the deposition of six fact witnesses in South Florida, the deposition of an additional fact witness in Cedar Rapids, Iowa, plus the deposition of two FIU expert witnesses, one in South Florida and the other in Austin, Texas.  FIU and its third-party marketing company produced over 20,000 pages of documents in response to FNU's document requests.

35.     As the case entered its final stages, FIU and FNU filed cross-motions for summary judgement [DE 19, 25]; their Daubert motions to exclude expert witness testimony [DE 48, 49,

12.

51]; their Joint Pre-Trial Stipulations [DE 42]; and respective Witness and Exhibit lists [DE 42, 45, 55, 56, 58]. This Court held a status conference on November 4, 2014 and conducted a final hearing on December 3, 2014 where the parties agreed that none of the underlying facts were in dispute (only the inferences to be drawn from them), expressly waived presenting live testimony, and consented to this Court adjudicating the case based on the arguments of counsel and the submitted declarations. On March 4, 2015, this Court entered its Order granting FNU's motion for summary judgment on all counts of FIU's Complaint. [DE 68.]

36.     **The FIU Appeal**. FIU appealed, taking the position that this Court's Order should be reviewed under the Rule 56 summary judgment standard. FNU countered that the Order should be reviewed and affirmed under Rule 52's clearly erroneous standard because, based on the consent of the parties, the Final Hearing conducted by this Court constituted a bench trial on the papers. In the alternative, FNU argued that even under the Rule 56 standard proposed by FIU, this Court's Order should still be affirmed because FIU erroneously applied the summary judgment standard based on the undisputed record. Thus, FIU's appeal essentially resulted in two appeals: first, what standard of review governed this Court's Order; and second, under the applicable governing standard, did this Court properly rule in favor of FNU.

37.     Although FNU considered FIU's appeal to be baseless – an assessment subsequently validated by this Court awarding FNU its appellate fees – FNU nonetheless needed to devote significant effort to addressing the issues raised by FIU. Joel S. Perwin, the appellate law specialist, primarily handled FNU's argument on the applicable standard of review, while the PCH firm, as the IP law specialist, primarily handled FNU's argument on the merits.

38.     After the close of briefing, the Eleventh Circuit held oral argument on FIU's appeal, thereby requiring FNU's counsel to expend additional time on the appeal in preparing for and attending the hearing before the Eleventh Circuit.

13

39.     The Eleventh Circuit's decision highlighted the two-prong nature of FIU's appeal. The Eleventh Circuit accepted FNU's argument that the District Court's Order should be reviewed under Rule 52's clearly erroneous standard, and further accepted FNU's argument that under such standard this Court's Order was not clearly erroneous. *See Florida International University Board of Trustees v. Florida National University, Inc.*, 830 F.3d 1242 (11th Cir. 2016).   Thus, the Eleventh Circuit affirmed this Court's Order finding in favor of FNU on all Counts

40.     As the prevailing party on appeal, FNU timely filed its Motion for Appellate Fees with the Eleventh Circuit and further requested that its fee motion be transferred back to this Court for adjudication, which the Eleventh Circuit granted.

41.     The PCH firm and the Joel S. Perwin P.A. firm expended 703 hours and 127 hours respectively on the appeal, with these totals including the 115.4 hours and 44 hours they expended respectively on the appellate fee application.   Given the importance of this case to FNU, the concerted effort undertaken by FNU's counsel to uphold this Court's judgment is understandable. Nonetheless, given the overlap between the work performed by the two firms, I have made adjustments to the number of hours that I have determined in my opinion are reasonable to account for possible duplication of effort. These reductions are summarized in the tables set forth below in Paragraph 53. I have made similar reductions as to the hours incurred before the trial court to reflect my opinion as to the reasonable number of hours.

42.     **FNU's Fee Motions**. Given the significant amount of fees that FNU expended before this Court and the Eleventh Circuit, FNU sought to recover its fees as the prevailing party under the Lanham Act's "exceptional case" fee-shifting provision.   In February 2017, FNU filed its Motion for Attorneys' Fees and Non-Taxable Costs [DE 98] and its Motion for Attorneys' Fees on Appeal [DE 99].   This Court then referred both motions to Magistrate Judge Simonton who, after extensive briefing by the parties, recommended that this Court grant both FNU motions.

14

43.     In recommending that FNU be awarded its fees and costs at the district court level, the Magistrate Judge "found that the case at bar is exceptional due to the disparity between the parties' ligation position" and that "there is nothing in the record to show that a reasonable litigant would have expected success on the merits." [DE 109, "Magistrate Judge's R&R" at 12.] The Magistrate Judge further concluded that FIU litigated the case in an "unreasonable manner," and found that given the testimony of FIU's own witnesses, that FIU "failed to re-evaluate the strength of its case as discovery continued." (Id. at 12-13.)  The Magistrate Judge also found that in its opposition to FNU's Motion for Attorneys' Fees, FIU's citations to case law and its recitation of the findings of this Court were misleading. (Id at 9, n. 2., 11.)

44.     The Magistrate Judge also determined that FNU was entitled to its appellate attorneys' fees under the exceptional case standard because (a) the standard governing appellate review did not matter given that FIU's appeal failed under either the Rule 56 or Rule 52 standard and (b) the appellate arguments put forward by FIU on the merits lacked substantive strength, and thereby unreasonably and unnecessarily prolonged the litigation. [DE 110]

45.     FIU then filed objections to both of the Magistrate Judge's recommendations [DE 118, 119], requiring FIU to file responses to both objections [DE 122, 123]. FIU then sought leave to file a reply, which FNU opposed, and which this Court denied.

46.     On June 25, 2018, this Court adopted Magistrate Judge Simonton's two recommendations and granted FNU its entitlement to attorneys' fees and non-taxable costs before the District Court, and its entitlement to attorneys' fees before the appellate court. [DE 128.]

47.     In sum, FIU's counsel's overall pursuit of this action also made this case more difficult and time consuming.  As noted above, this Court found that FIU's counsel litigated this case in an unreasonable manner that unnecessarily prolonged this case. This added layer of difficulty made the case more time-consuming, labor intensive, and preclusive of other work.

48.     PCH's general billing practices include a detailed review of monthly invoices, as detailed in Mr. Peretz's declaration.  In its Motion, FNU is not seeking fees for the services of three attorneys from PCH that had minimal involvement in the case.

49.     **Significance and Results.** I also weighed the significance and results of the case heavily.

50.     FIU's complaint sought both significant injunctive relief and significant monetary damages.  In particular, FIU sought to permanently enjoin FNU's from using the FLORIDA NATIONAL UNIVERSITY name and FNU initials and for FNU to disgorge all of the profits it earned during the period when it used that name and initials (2012-present).  If granted, both the requested injunction and monetary relief would have been devastating to FNU.  FNU had used "FLORIDA NATIONAL" as part of its name – with FIU's consent – for more than 25 years, resulting in the name representing one of FNU's most valuable assets. Given these adverse consequences, FNU needed to vigorously defend the use of its name.  In the end, FIU dropped its claim for monetary relief at the Final Hearing, but this nonetheless required FNU to defend against FIU's monetary claim throughout the entire case.  On the issue of liability, FNU prevailed both below and on appeal on all claims seeking injunctive relief.  Thus, the results obtained in this case warrant a full award of FNU's district court fees and appellate fees (less a 10% discount), given the high stakes this litigation presented.

51.     The total hours expended on this case by the PCH firm included the hours expended on the preparation of FNU's Motion for Attorney Fees before this Court [DE 98], FNU's Motion for Attorney Fees before the Eleventh Circuit [DE 99], FNU's two Replies in further support of these two Motions [DE 107, 108], and FNU's Oppositions to FIU's Objections to the Magistrate Judge's two report and recommendations [DE 122, 123].  This attorney time is recoverable. *See Wilchcombe vs. Teevee Toons, Inc.*, 2009 WL 10696213 at *6 (N.D. Ga. April 28, 2009)("The

courts are unanimous that time spent working on a fee petition and litigating a fee dispute is compensable")(awarding the prevailing party all of its fees in preparing the fee motion). (This attorney time, however, relates only to the hours expended by FNU's attorneys on its entitlement to attorney fees, and does not include the hours expended by FNU's attorneys in preparing this Motion to Set the Amount of Attorney Fees, which I understand will be the subject of a supplemental request upon the completion of the legal work relating to this Motion.)

**LODESTAR**

52.    Based on my above considerations and analysis, my opinions as to the prevailing market rates for the legal services rendered and as to the reasonable number of hours incurred by each timekeeper are set forth in the tables below in Paragraph 53. As to the prevailing market rate, I have adjusted the applicable rates for each timekeeper upward to reflect my opinion as to the prevailing market rates and which are reasonable.

53.    As to the reasonable number of hours, part of my engagement involved reviewing the attorney time entries of FNU's counsel to determine whether the number of hours billed was reasonable given the multiple attorneys involved in the case at PCH, coupled with the additional involvement of the Joel S. Perwin as co-counsel in the appeal. After completing my review of the time entries of PCH and Joel S. Perwin, I determined that there appeared to be some overlap in the billing, and this was discussed with Steven Peretz, who served as PCH's lead trial attorney and supervising partner on the matter. Based on our discussions, counsel agreed that in the interest of being conservative that FNU should base its Lodestar calculations on a reduction of 7.5% of the hours billed by each PCH timekeeper. The difference in the actual number of hours billed and the adjusted hours is set forth in the table below. The adjusted hours were then used to calculate the initial Lodestar amount. The adjusted hours resulted in a reduction of the total Lodestar amount by $108,133.50 or 7%.

## FEES REQUESTED FOR THE DISTRICT COURT CASE

| Timekeeper | Position | Market Hourly Rate | Hours Actually Billed | Hours Reduced by 7.5% | Total Fees Based on Adjusted Hours |
|---|---|---|---|---|---|
| Steven I. Peretz 36 years | Sr. Partner | $600 | 1190.3 | 1101 | $660,600.00 |
| Michael B. Chesal 28 years | Sr. Partner | $520 | 171.1 | 158.3 | $82,316.00 |
| Moish E. Peltz 4 years | Associate | $250 | 1119.95 | 1035 | $258,750.00 |
| Josh E. Saltz 6 years | Partner | $300 | 190.15 | 175.85 | $52,755.00 |
| Albert Alvarez 4 years | Associate | $275 | 17.3 | 16 | $4,400.00 |
| Erika Montane 14 years | Paralegal | $125 | 43.05 | 39.85 | $4,981.25 |
| **TOTAL** | | | **2,731.85** | **2,526** | **$1,063,802.25** |

## FEES REQUESTED FOR THE APPEAL

| Timekeeper | Position | Market Hourly Rate | Hours Actually Billed | Hours Reduced by 7.5% for PCH | Total Fees Based on Adjusted Hours |
|---|---|---|---|---|---|
| Steven I. Peretz 36 years | Sr. Partner | $600 | 303.9 | 281.1 | $168,660.00 |
| Michael B. Chesal 28 years | Sr. Partner | $520 | 13 | 12 | $6,240.00 |
| Moish E. Peltz 4 years | Associate | $250 | 278.75 | 257.85 | $64,462.50 |
| Josh E. Saltz 6 years | Partner | $300 | 17.85 | 16.55 | $4,965.00 |
| Albert Alvarez 4 years | Associate | $275 | 74.3 | 68.7 | $18,892.50 |
| Erika Montane 14 years | Paralegal | $125 | 15.23 | 14.13 | $1,766.25 |
| Joel S. Perwin 36 years | Sr. Partner | $750 | 127.5 | 127.5 | $95,625.00 |
| **TOTAL** | | | **830.53** | **777.83** | **$360,611.25** |

18

54.     As reflected in the above tables, it is thus my opinion that a reasonable Lodestar amount for FNU is $1,063,802.25 (which includes FNU's attorneys' fees arising from FNU's motion for fees before this Court) for the district court case and $360,611.25 for the appeal (which includes FNU's attorneys' fees arising from FNU's motion for appellate fees), for a total of $1,424,413.50.

55.     I am providing my services as an expert witness at an hourly rate of $595. As of the date of this Declaration, I have spent 17.15 hours providing the services described above in order to render the opinions in this Declaration. FNU, through its counsel, has agreed to pay me for the legal services that are rendered.

Dated this 25th day of July, 2018

MICHAEL J. HIGER

# Exhibit D-1

**<u>MICHAEL J. HIGER</u>**

| | |
|---|---|
| **WORK HISTORY:** | **Berger Singerman, LLP**<br>       **Partner** |

**Higer Lichter & Givner, LLP**
       Partner:  2006-2014

Mintz, Truppman, Clein & Higer, P.A.
       Shareholder:  1998-2006

Coll Davidson Carter Smith Salter & Barkett, P.A.
       Shareholder:  1992-98
       Associate:  1988-91

Fine Jacobson Schwartz Nash Block & England, P.A.
       Associate:  1985-1988

**UNDERGRADUATE:**       **University of Florida,**
       Bachelors of Arts, 1982

**LAW SCHOOL:**       **University of Miami School of Law,**
       Juris Doctorate Degree, 1985
      Graduated cum laude
      Executive Editor, University of Miami Law Review

**COURT ADMISSIONS:**      United States Supreme Court

United States Eleventh Circuit Court of Appeal

United States Federal Circuit Court of Appeal

United States District Court
       Southern District of Florida
       Middle District of Florida
       Northern District of Florida

State Courts
       Florida
       District of Columbia

6621091-4

New York

**PROFESSIONAL AND CIVIC
ORGANIZATIONS:**
        **The Florida Bar, Immediate Past President**

        **The Florida Bar, President**

        **Board of Governors**
            Executive Committee

            Strategic Planning Committee

            Program Evaluation Committee, Chair (2015-2016)

            Budget Committee, Chair (2014-2015)

            Disciplinary Review Committee, Chair (2012-2013)

            Communications Committee

            Disciplinary Procedures Committee

            Liaison, Business Law Section

        **Business Law Section**
            Chair (2010-2011)

            Executive Council (1996-Present)

            Co-Chair, Special Committee on Business Courts
            Co-Chair, State Court/Federal Court

            Liaison Committee (2004-2006)

            Chair, Continuing Legal Education Committee
            (2005-2006)

            Business Litigation Committee (Chair, 1997)

2

Business Litigation Certification (Program Chair and Speaker)

Intellectual Property Committee

Editor, Intellectual Property Newsletter
Legislative Committee (Chair, 2008)

Special Committee on Proposed Revisions to Florida's Rules of Professional Conduct

**The Florida Bar Foundation**
Board of Directors

**Judicial Nominating Screening Committee**
Chair (former)

**Judicial Qualifications Screening Committee**
Chair (former)

**Public Member Screening Committee**
Chair (former)

**Eleventh Judicial Circuit**
Chair, Ad Hoc Committee on Business
Litigation Division

Co-Chair, Business
Courts Committee

**Supreme Court of Florida Committee on Standard Jury Instructions, Contract and Business Cases**
Appointed by Chief Justice of Supreme Court

**Florida Bankers Association**
State Government Relations Committee
(1995-97)

**The Fellows of the American Bar Foundation**
Life Fellow

3

6621091-4

**United States District Court, Southern District of Florida**
    Advisory Committee on Rules & Procedures

    Ad Hoc Committee on Attorney Admissions and Attorney Grievance

**American Bar Association**
    House of Delegates

    Bar Leaders Conference, Business Law Section

    Business Law and Real Property, Probate and Trust Law Sections

    Intellectual Property Law Section, Planning Board

    Federal Practice and Procedure Committee

    Loan Practices and Lender Liability Workouts, Enforcement of Creditors' Rights and Bankruptcy Committees

**Defense Research Institute**
    Director (former)

**Dade County Bar Association**
    Civil Litigation Committee

**Dade County Trial Lawyer's Association**
    Director (former)

**Centennial Celebration, Committee of 100**

**Florida Academy of Trial Lawyers**

**Federal Bar Association**

4

6621091-4

**Association of Trial Lawyers of America**

**American Intellectual Property Lawyers Association**

**Intellectual Property Law Association of Florida**
President (former)


**Wind Conference 2013**
Committee

**Greater Miami Jewish Federation**
Chair, Judicial Reception (former)

Leadership Foundation

North Dade Board

Commerce & Professions Division, Executive
Committee

**United Way**
Agency Relations Committee (1995-1997)

Young Leaders Society

**Greater Miami Chamber of Commerce**
Trustee representative (1995-1996)

Leadership Miami (1996 graduate)

**University of Miami**
Law School Alumni Association,
Director (former)

Co-Vice President for Fundraising (1999-2000)

**Temple Sinai**
Day Schools for the 21st Century

5

Capital Campaign, Steering Committee

Upper School Project, Steering Committee

**Highland Lakes Shul**
Director (former)

Counsel

6

| | |
|---|---|
| **PUBLICATIONS:** | **From the Mailroom to the Boardroom:  Deason and the Scope of the Attorney - Client Privilege in the Corporate Context,** published in The Quarterly Report of the Business Law Section<br>Republished in *The Florida Bar Journal*, January, 1995 |
| | **Prejudgment Interest:   Uncertainty and Inequity,** published in *The Quarterly Report of the Business Law Section* |
| | **Florida Provides Safe Haven for Forum Shoppers,** published in *The Florida Bar Journal*, October, 1995 |
| **PRESENTATIONS:** | **Attorney/Client Privilege in the Corporate Context** |
| | **Business Courts Proposal in Florida** |
| | **Business Litigation Certification**<br>        **Intellectual Property Law** |
| | **Copyright Law** |
| | **The Collateral You Thought Was Incidental:  Enforcing Creditors' Rights and Remedies Under Article 9** |
| **AWARDS/HONORS:** | **The Florida Bar, Business Law Section, Outstanding Member of the Year, 2005** |
| | **Named by Florida Trend Magazine as one of Florida's Elite Lawyers for Commercial Litigation** |
| | **Named as one of Best Lawyers in America in the area of Commercial Litigation** |
| | **Named as a Super Lawyer in area of Commercial Litigation** |
| | **Fellow, The Florida Bar Foundation** |
| | **Martindale Hubbell, AV Rated** |

6621091-4

8

**Martindale Hubbell**
**2013 Top Rated Lawyer in Intellectual Property**

**The Best Lawyers in America**
**Recognition by my peers as the 2017 Litigation –
Real Estate "Lawyer of the Year" for Miami** (only
a single lawyer in each practice area and community is
honored with a "Lawyer of the Year" award)

6621091-4